# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| KENNETH SMITH, JR., | :|
| Plaintiff, | : |
| | : NO. 5:10-CV-41 (MTT) |
| VS. | : |
| GAIL C. JACKSON, | : |
| | : Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is a Motion for a Temporary Restraining Order filed by Plaintiff Kenneth Smith Jr. (Doc. 17), and a Motion to Dismiss filed by Defendant Doctor Gail C. Jackson (Doc. 9). For the reasons set forth below, it is **RECOMMENDED** that the Motion for a Temporary Restraining Order be **DENIED** and that the Motion to Dismiss be **GRANTED**.

## MOTION FOR TEMPORARY RESTRAINING

Within his Motion for a Temporary Restraining Order, the Plaintiff seeks an order requiring Defendant Dr. Jackson to refer Plaintiff to a urologist, to prescribe physical therapy, to construct a rehabilitation facility, and to provide rehabilitation equipment for Plaintiff's personal use. It appears, however, that Plaintiff is no longer incarcerated at Men's State Prison or under the care of Defendant Jackson. See Doc. 21 and Doc. 22. As such, his claims for injunctive relief no longer present a case or controversy. See Wahl v. McIver, 773 F.2d 1169 (11th Cir. 1985). Accordingly, **IT IS RECOMMENDED** that the Plaintiff's Motion for a Temporary Restraining Order as well as his demands for injunctive relief should be **DENIED** as moot.

## MOTION TO DISMISS

### FACTUAL AND PROCEDURAL BACKGROUND

On January 28, 2010, Plaintiff Smith filed the instant Complaint alleging that Defendant Dr.

Jackson violated his rights under the Eighth Amendment as well as the Americans with Disabilities Act (ADA). In support, he asserts that the Defendant refused to provide any treatment for his enlarged prostate gland and improperly denied his request for physical therapy. As a result, Plaintiff Smith seeks a declaratory judgment, monetary damages, and injunctive relief. In response, and after waiving personal service and filing an Answer, Defendant Jackson filed the instant Motion to Dismiss.

DISCUSSION

Prostate Gland Treatment Claim

Upon a review of the evidence of exhaustion heretofore submitted in this case, it appears undisputed that the Plaintiff failed to exhaust his administrative remedies as to his claim that the Defendant failed to provide any treatment for his enlarged prostate gland. Consequently, and in accordance with the Prison Litigation Reform Act (PLRA) mandate that no §1983 action shall be brought with respect to prison conditions by a prisoner until available administrative remedies are exhausted, this claim should be dismissed. See 42 U.S.C. § 1997e(a).

Physical Therapy Claim

The Plaintiff's allegations concerning Defendant Jackson's allegedly improper denial of his request for physical therapy are insufficient to state an Eighth Amendment claim of medical deliberate indifference. It is well established that questions involving a prisoner's need for additional diagnostic techniques or treatments are classic examples of matters for medical judgment. Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995). As such, and without more, a mere difference of opinion between a member of a prison's medical staff and prisoner as to the prisoner's need for a particular course of treatment does not constitute deliberate indifference to a serious medical need. See Harris v. Thigpen, 941 F.2d 1495 (11th Cir. 1991).

In this case, it is apparent that the instant claim consists of nothing more than a difference of opinion between Plaintiff Smith and Defendant Dr. Jackson over whether or not his participation

in physical therapy is medically necessary. Consequently, and in accordance with law cited above, the Plaintiff's allegations concerning the Defendant's refusal to grant his request for physical therapy fail to state a claim of deliberate indifference and should, therefore, be dismissed.

## ADA Claim

The Plaintiff has failed to state a claim for violation of his rights under the ADA. To establish a prima facie case under the ADA, a plaintiff must demonstrate that (1) he has a disability; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination as the result of the disability. Rossbach v. City of Miami, 371 F.3d 1354 (11th Cir. 2004). Here, after alleging that Defendant Jackson improperly refused his request for physical therapy, the Plaintiff points out the fact that he is a paraplegic. Notably, however, the Plaintiff does not allege that the Defendant refused his request on the basis of his disability. Instead, his argument is limited to an unadorned and conclusory assertion that "When the defendant refused to write the order for Plaintiff, a qualified individual with a disability, she violated Plaintiff's rights as they are found under the ADA." As such, it is apparent that the Plaintiff has failed to sufficiently allege that he was subjected to unlawful discrimination as the result of his disability. Accordingly, his ADA claim must fail.

In view of the above, **IT IS RECOMMENDED** that the Defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to these **RECOMMENDATIONS** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of January, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge